IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 08-20006-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| CHRISTOPHER L. RIVERS, | ) | No. 10-2343-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #58) filed June 21, 2010. For reasons set forth below, the Court overrules defendant's motion.

## Factual Background

On February 1, 2008, a grand jury returned an indictment which charged defendant with possession with intent to distribute five grams or more of a mixture or substance containing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). <u>See</u> <u>Sealed Indictment</u> (Doc. #1). On January 27, 2009, the government filed a notice of defendant's prior conviction in 1996 for possession of cocaine. <u>See</u> <u>Enhancement Information</u> (Doc. #38). Because of the prior drug conviction, defendant faced a statutory minimum of ten years. <u>See</u> 21 U.S.C. § 841(b)(1)(B)(iii).

On January 12, 2009, defendant filed a motion to suppress evidence which officers discovered after a vehicle stop. In particular, defendant maintained that offers lacked reasonable suspicion to pull over his vehicle. On February 13, 2009, Magistrate Judge James P. O'Hara held a hearing on defendant's motion. On February 18, 2009, Judge O'Hara recommended that the district court overrule defendant's motion. <u>See</u> <u>Report And Recommendation</u> (Doc. #47). Judge

O'Hara noted that officers knew that defendant had a suspended driver's license and that one officer had positively identified defendant when he drove by the officer who was parked in his patrol car. See id. at 9-10. At the hearing before the magistrate judge, defendant presented a video re-enactment to show that the officer could not have positively identified defendant when he drove by the officer. Judge O'Hara noted that the video was "sloppily done and decidedly unpersuasive." Id. at 9. On February 23, 2009, defendant filed written objections to the magistrate judge's report. In particular, defendant asserted that despite the poor quality of the video re-enactment, the magistrate judge did not consider that the investigator attempted the re-enactment on two occasions and that both times, he could not discern the identity of the individual in the passenger seat of a passing SUV. See Written Objection To The Report And Recommendation To Deny Defendant's Motion To Suppress Evidence (Doc. #49) filed February 23, 2009 at 2.

On February 26, 2009, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #51). The agreement proposed a sentence of 120 months in prison, eight years of supervised release and waived defendant's right to appeal or collaterally attack any matter in connection with his "prosecution, conviction and sentence." Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) ¶ 9, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #51). On June 5, 2009, the Court sentenced defendant to 120 months in prison and eight years of supervised release.[1] Defendant was represented by Debra A. Vermillion.

Defendant did not appeal, but on June 21, 2010, he filed this motion under 28 U.S.C. § 2255.

---

[1] Defendant's total offense level was 29, with a criminal history category II, resulting in a sentencing range of 97 to 121 months.

Liberally construed and as supplemented by his reply, defendant's motion asserts that his conviction should be vacated because counsel was ineffective in that (1) she assured defendant that if the law changed pertaining to sentences for crack cocaine offenses, he would be entitled to relief under 18 U.S.C. § 3582(c)(2); (2) she did not tell defendant that by pleading guilty, he would waive his right to have the district judge review the magistrate judge's ruling on the motion to suppress, as well as any appeal of the district judge's ruling; (3) she did not provide effective assistance at the hearing on his motion to suppress; and (4) she did not file an appeal despite defendant's specific instructions to do so.

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

The government asserts that in the plea agreement, except for claims of ineffective assistance of counsel as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001), defendant voluntarily waived his right to file a Section 2255 motion. See Government's Response To Defendant's Motion To Vacate Sentence Filed Pursuant To 28 U.S.C. § 2255 (Doc. #66) filed October 1, 2010 at 3-4.

**I.     Procedural Bar – Waiver Of Collateral Challenges (Claims 3 and 4)**

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S.

1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

    A.    Scope Of The Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **9.** **Waiver of Appeal and Collateral Attack.** If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal if the Court imposes the sentence requested by the parties. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro 60(b). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as

authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 9. The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's prosecution, conviction or sentence. In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." 237 F.3d at 1187.

Here, defendant specifically waived his right to raise any collateral challenge in connection with his prosecution, conviction and sentence except as limited by Cockerham, i.e. except for claims challenging the validity of the plea or waiver. Because defendant's third and fourth claims (ineffective performance at the hearing on the motion to suppress and failure to file an appeal) do not challenge the validity of the plea or waiver, they fall within the scope of the waiver in the plea agreement. See id.

The Court recognizes that a waiver of *appeal* in the plea agreement does not bar a claim that counsel was ineffective for refusing to file an appeal despite her client's specific instructions to do so.[2] See Petitioner's Reply To Government's Response (Doc. #69) filed December 6, 2010 at 7. On a motion to vacate sentence under Section 2255, however, the issue is whether such a claim can

---

[2] Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If defendant requests an appeal, counsel must file a timely notice of appeal. If counsel believes after conscientious examination that an appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738 (1967).

overcome a valid waiver of *collateral challenges*. Defendant cites no authority on this issue. As explained above, a valid waiver of collateral challenges in the plea agreement waives the right to bring a Section 2255 motion except for ineffective assistance claims which challenge the validity of the plea or the waiver. See Cockerham, 237 F.3d at 1187. Defendant's claim that counsel failed to file an appeal does not challenge the validity of the plea or waiver. See Plea Agreement ¶ 9; United States v. Macias, 229 Fed. Appx. 683, 687 (10th Cir. 2007) (claim that counsel failed to consult defendant about appeal barred by waiver of collateral challenges in plea agreement); United States v. Davis, 218 Fed. Appx. 782, 784 (10th Cir. 2007) (claim that counsel failed to file appeal does not go to validity of plea or waiver and therefore barred by plea waiver); United States v. Hogan, Nos. Civ-09-430-JHP, CR-08-027-JHP, 2010 WL 2594665, at *3 (E.D. Okla. June 23, 2010) (same); United States v. Phelps, No. 07-40051-01-JAR, 2010 WL 1677754, at *4 (D. Kan. Apr. 26, 2010) (same); United States v. Olden, No. 04-cr-071-TCK, 2009 WL 2922989, at *2 (N.D. Okla. Sept. 9, 2009) (claim for failure to appeal when client instructed counsel to do so barred by waiver of collateral challenges in plea agreement); see also United States v. Mabry, 536 F.3d 231, 239-42 (3d Cir. 2008) (even if counsel was obliged to file direct appeal, waiver of collateral review bars relief); Lewis v. United States, No. 08-2084-PHX-DGC, 2009 WL 4694042, at *5 (D. Ariz. Dec. 4, 2009) (Flores-Ortega does not address enforceability of waiver of collateral attack rights).[3]

---

[3] In United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005), defendant waived his right to appeal or collaterally challenge his guilty plea, any aspects of his conviction and his sentence – including the manner in which the sentence was determined. 402 F.3d at 1263 n.2. In dicta, the Tenth Circuit noted that the government did not attempt to enforce the waiver of collateral attacks but that the plain language of the waiver did not address a claim that his attorney did not appeal despite his specific instructions to do so. See id. at 1266 n.5 (citing United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004)). Here, the waiver in the plea agreement covers any matter in connection with defendant's "prosecution, conviction and sentence" and specifically covers motions
(continued...)

-6-

³(...continued)
brought under 28 U.S.C. § 2255. See Plea Agreement ¶ 9. As to Section 2255 motions, the waiver contains an exception only under Cockerham, that is for claims challenging the validity of the plea or waiver. The broad waiver here of Section 2255 claims precludes a claim that counsel was ineffective for failing to file an appeal despite defendant's instructions to do so. See United States v. Shaw, 292 Fed. Appx. 728, 733 n.4 (10th Cir. 2008) (O'Brien, J., concurring) (distinguishing Garrett and noting that collateral challenge waiver in plea agreement would bar claim that counsel was ineffective for not filing appeal); Macias, 229 Fed. Appx. at 687 n.9 (distinguishing Garrett and enforcing collateral challenge waiver as to claim that counsel failed to consult defendant about appeal); Davis, 218 Fed. Appx. at 784 (claim that counsel failed to file appeal does not go to validity of plea or waiver and therefore barred by waiver).

     Garrett is based on the premise that a plea waiver of the right to appeal – while significantly limiting what issues can be appealed – does not "foreclose all appellate review" of a sentence. Garrett, 402 F.3d at 1266-67. In contrast, a broad waiver of collateral challenges waives collateral review of all issues except for those which are specifically preserved under Cockerham, that is challenges to the validity of the waiver itself. Accordingly, a waiver of collateral challenges generally waives claims of ineffective assistance that pertain to conduct by counsel after entry of the plea agreement. See Cockerham, 237 F.3d at 1188 (sentencing-related claim of ineffective assistance of counsel waived because not reasonably characterized as attack on validity of plea). Garrett did not attempt to distinguish or to otherwise question Cockerham's conclusion that claims of ineffective assistance of counsel that pertain to conduct by counsel after entry of the plea agreement may be waived.

     In United States v. Williams, No. 06-40132-01-JAR, 2010 WL 1710578 (D. Kan. Apr. 26, 2010), the Honorable Julie A. Robinson held that defendant's claim that counsel was ineffective for failing to file an appeal when requested to do so was barred by the waiver of collateral challenges in the plea agreement. See id. at *5. In so holding, Judge Robinson specifically relied on Tenth Circuit opinions in Macias, supra and Davis, supra. See 2010 WL 1710578, at *5 n.53. On appeal in Williams, the Tenth Circuit denied a certificate of appealability and noted that the district court's resolution of defendant's Section 2255 motion was not reasonably subject to debate. See United States v. Williams, Order Denying Certificate Of Appealability (Doc. #257 in D. Kan. No. 06-40132-01-JAR) filed December 6, 2010, available electronically through PACER, www.pacer.gov. But see United States v. Lauer, 236 Fed. Appx. 462, 463-65 (10th Cir. 2007).

     In United States v. Guerrero, 488 F.3d 1313 (10th Cir. 2007), the Tenth Circuit noted that despite a broad plea agreement which waived defendant's right to collaterally attack "any matter connected to his prosecution, conviction or sentence," defendant alleged that counsel did not file an appeal despite his specific instructions to do so. In Guerrero, the government conceded that Flores-Ortega, Snitz and Garrett "requires remand for an evidentiary hearing when a defendant claims in a sworn § 2255 motion that he directed counsel to file a notice of appeal and counsel failed to do so." 488 F.3d at 1315. Because of this concession, Guerrero does not specifically address whether a broad waiver of collateral challenges permits a claim which does not challenge the validity of the plea or waiver. Accordingly, the Court declines to read Guerrero as a rejection of the purported

(continued...)

B.   Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy. Hahn, 359 F.3d at 1325. The Court conducted a thorough inquiry at the plea hearing.[4] At that time defendant affirmed that he understood the charge against him, the maximum penalties, the proposed 120-month prison term and eight-year supervised release term under the plea agreement, the rights which he was waiving and the factual basis for his plea. Defendant acknowledged that he had gone over the waiver of appeal and collateral challenges with his attorney and that he asked the Court to approve the waiver provision as part of the overall plea agreement. Defendant conceded that the only exceptions to the waiver provision were if his attorney was ineffective as part of the change of plea process or if the government appealed the sentence. Defendant acknowledged that his plea was free and voluntary, that no one had forced or threatened him to enter it and that the only reason he was making a plea was that he was in fact guilty as charged. Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was unknowing or involuntary. In sum, the language of the plea agreement and the Rule 11 colloquy established that defendant's waiver of his rights was knowing and voluntary.

C.   Miscarriage Of Justice

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice." Id. at 1327. This test is not met unless (1) the district court relied on an impermissible

---

[3](...continued)
scope of the Garrett holding as expressed by Judge O'Brien in Shaw, supra and Macias, supra and the holding of Williams, supra.

[4]   The Honorable Carlos Murguia presided at the change of plea hearing.

factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice. Anderson, 374 F.3d at 959.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. In particular, defendant received a sentence of 120 months in prison and eight years of supervised release, which is precisely the sentence that the plea agreement attempted to guarantee. See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn refers to statute of conviction), cert. denied, 546 U.S. 980 (2005). Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings. See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), cert. denied, 546 U.S. 989 (2005). The Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, defendant's third and fourth claims are barred by the waiver of collateral challenges in the plea agreement.

**II.    Substantive Merit Of Defendant's Claims (Claims 1, 2 and 3)**

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the

first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

  A. Advice Regarding Sentence Modification Based On Change In Law (Claim 1)

Defendant claims that counsel was ineffective because she told him that if the law changed pertaining to sentences for crack cocaine offenses, he would be entitled to relief under 18 U.S.C. § 3582(c)(2). In particular, defendant asserts that counsel "assured [him] that he could file a § 3582(c)(2) motion, and never told him that the agreement precluded such a motion." Petitioner's Reply To The Government's Response (Doc. #69) at 3. Defendant's claim is directly refuted by the plea agreement which provides that defendant "waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to . . . a motion brought under Title 18, U.S.C. § 3582(c)(2)." Plea Agreement ¶ 9. As explained above, at the plea colloquy, defendant acknowledged that he had gone over the waiver with his attorney and that the only exceptions to the waiver provision was if his attorney was ineffective as part of the change of plea process or if the government appealed the sentence. Despite this admission, defendant made no attempt at the change of plea hearing to clarify

his purported understanding of the waiver that he could later filed a Section 3582(c)(2) motion based on any change in the law related to crack cocaine offenses. Absent a believable reason justifying departure from the apparent truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted, such statements are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir.1978).

In any event, defendant cannot establish prejudice, that is a reasonable probability that if counsel had not assured him that he would be entitled to relief under Section 3582(c)(2), he would not have pled guilty. To show prejudice in the guilty plea context, defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); Miller v. Champion, 262 F.3d 1066, 1068-69 (10th Cir. 2001). A defendant's mere assertion that he would have insisted on trial but for counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Miller, 262 F.3d at 1072 (quoting United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993)). Instead, the Court evaluates the factual circumstances surrounding the plea to predict "whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors." Clingman, 288 F.3d at 1186; see Miller, 262 F.3d at 1072 (court examines factual circumstances surrounding plea to determine whether petitioner would have proceeded to trial). While defendant need not show that he would have prevailed at trial, his prospects of succeeding inform the Court's view of whether he would have in fact gone to trial absent the alleged errors. United States v. Triplett, 263 Fed. Appx. 688, 690 (10th Cir. 2008); see Clingman, 288 F.3d at 1186.

Defendant does not state that he would have likely prevailed at trial, but he argues that if he had gone to trial or entered a plea under Rule 11(c)(1)(A) or (B) instead of Rule 11(c)(1)(C), he would be entitled to relief under 18 U.S.C. § 3582(c)(2) based on recent amendments to the sentencing guidelines on offenses involving crack cocaine. See U.S.S.G. Manual app. C, amend. 706 (2007) (two level reduction in base level offenses for most crack cocaine offenses); U.S.S.G. Manual app. C, amend. 712, 713 (2008) (rendering Amendment 706 retroactive). A district court may reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10, one of the applicable policy statements, provides that a reduction is not authorized if the retroactive amendments do not apply to defendant or do not have the effect of lowering the applicable guideline range. Because the Court sentenced defendant based on a statutory minimum, 21 U.S.C. § 841(b)(1)(B)(iii), and not the guideline which was affected by the recent amendments, U.S.S.G. § 2D1.1, he would not be entitled to relief even absent the Rule 11(c)(1)(C) agreement. See, e.g., U.S.S.G. § 2D1.10, cmt. 1(A) (statutory mandatory minimum sentence may prevent relief under Section 3582(c)(2)); United States v. Wilson, 2010 WL 4923975, at *3 (10th Cir. 2010) (because crack cocaine amendment did not reduce statutorily defined mandatory minimum, district court lacked authority to reduce defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2)); United States v. Houston, 353 Fed. Appx. 138, 139 (10th Cir. 2009) (relief under Section 3582(c)(2) not available to defendant whose sentence based on statutory minimum and not on sentencing guidelines); United States v. Gonzales, 297 Fed. Appx. 810, 812 (10th Cir. 2008) (retroactive downward modification of offense level irrelevant where defendant sentenced based on statutory minimum); United States v. Smartt, 129 F.3d 539, 542-43 (10th Cir. 1997) (defendant not entitled to reduction under 18 U.S.C.

§ 3582(c)(2) where court sentenced him to statutory mandatory minimum and amendment did not impact statutory minimum).[5] Accordingly, defendant has not shown that absent counsel's alleged advice regarding the possible future change in the law related to sentences for crack cocaine offenses, he would have gone to trial.

As part of his first claim, defendant also asserts that counsel was ineffective because she did not tell him that whether he pled guilty under a Rule 11(c)(1)(A), (B) or (C) plea agreement or would have insisted on going to trial, he would receive the same sentence of 120 months. Counsel was not ineffective for failing to provide this information to defendant because such information is incorrect. The statutory mandatory minimum for the offense was 120 months in any of the above scenarios, but defendant's actual sentence could have been higher than 120 months if he would have pled guilty under Rule 11(c)(1)(A) or (B), or if he went to trial and was convicted.[6] The Court therefore overrules defendant's first claim for relief.

B.  Advice Regarding Effect Of Plea On Pending Motion To Suppress (Claim 2)

Defendant claims that counsel was ineffective because she did not tell him that by pleading guilty, he waived his right to have the district judge review the magistrate judge's recommendation

---

[5] Except in limited circumstances, the Court simply lacks authority to sentence a defendant below the statutory minimum. Defendant does not allege that any exception applies here. See, e.g., 18 U.S.C. § 3553(e) (reduction below statutory minimum for substantial assistance); 18 U.S.C. § 3553(f) (reduction permitted if (1) defendant has no more than one criminal history point, (2) violence or threat of violence not part of offense conduct, (3) offense did not result in death or serious bodily injury, (4) defendant was not organizer, leader, manager, or supervisor of others and not engaged in continuing criminal enterprise and (5) no later than time of sentencing hearing, defendant has truthfully provided all information and evidence defendant has concerning offense or offenses that were part of same course of conduct or of common scheme or plan).

[6] If defendant had proceeded to trial and a jury found him guilty, his total offense level would have been at least 31, with a criminal history category II, resulting in a sentencing range of 121 to 150 months. In addition, in light of the lack of criminal history points assessed for several of defendant's adult convictions, a sentence above the guideline range would have been a distinct possibility.

-13-

on his motion to suppress, as well as any appeal of the district judge's ruling. Again, defendant's claim is directly refuted by the plea agreement which provided that the defendant "waives *any* right to appeal or collaterally attack *any* matter in connection with this prosecution [and] conviction." Plea Agreement ¶ 9 (emphasis added). At the plea colloquy, defendant acknowledged that he consulted with counsel about paragraph nine of the plea agreement and that the only exceptions to the waiver provision were if the government appealed the sentence or if he claimed that counsel was ineffective as part of the change of plea proceedings. In addition, some three weeks after defendant entered his plea, the Court overruled his motion to suppress as moot and found that the magistrate judge's Report And Recommendation (Doc. #47) was moot. See Order (Doc. ##53, 54) filed March 19, 2009. The Court specifically noted that "[i]n the event the Court rejects the parties' Rule 11(c)(1)(C) plea agreement, defendant may re-file his motion to suppress." Doc. #54. Defendant does not explain why he did not object to this ruling or why he did not instruct counsel to re-file the motion to suppress before sentencing in light of his purported understanding of the plea agreement. At a minimum, to the extent defendant truly believed that he had a right to appeal the magistrate judge's recommendation on his motion to suppress, he should have raised the issue at sentencing when both his counsel and government counsel announced that the appeal waiver barred *any* appeal of his particular sentence. In addition, defendant cannot establish prejudice because he has not shown a reasonable likelihood that he would have insisted on a conditional plea or going to trial based on his belief that he would ultimately prevail on his motion to suppress either before the undersigned judge or the Tenth Circuit Court of Appeals.[7] From a review of the magistrate judge's

---

[7] Defendant also suggests that he did not receive any benefit from entering a Rule 11(c)(1)(C) plea agreement, but he ignores the fact that the statutory maximum for the offense was life in prison whereas the plea agreement provided only 120 months in prison. Although 120 months was near the top of the sentencing guideline range of 97 to 121 months, the government
(continued...)

-14-

Report And Recommendation (Doc. #47), it appears that the motion to suppress ultimately would have been unsuccessful. Judge O'Hara noted that Officer Page was only 10 feet away from defendant when he passed by in the SUV, that Officer Page's identification testimony was credible and that defendant presented no evidence to impeach Officer Page. Doc. #47 at 10. Defendant does not explain how he could reasonably question that the result would not be the same before the district judge and the Tenth Circuit.

As part of his second claim, defendant argues that counsel was ineffective because she did not inform him of "the existence of a conditional plea whereby he could appeal any denial of his suppression motion." Doc. #58 at 6; Doc. #59 at 7. Even if the Court assumes that counsel did not discuss conditional pleas, defendant has not shown prejudice, i.e. is a reasonable probability that if counsel had advised him about conditional pleas, he would have insisted on either a conditional plea or going to trial because of a likelihood of a different result. See United States v. Carvajal-Mora, 2009 WL 5171822, at *6 (N.D. Okla. Dec. 21, 2009) (no prejudice from counsel's failure to negotiate conditional plea because no allegation that the government or court would have consented to conditional plea); Gould v. United States, 657 F. Supp.2d 321, 328-29 (D. Mass. Sept. 29, 2009) (defendant did not allege facts showing reasonable probability that he would have obtained government and court consent to enter conditional guilty plea); Pena-Carrizoza v. United States, No. 04-cv-475-PGC, 2006 WL 2992556, at *3 (D. Utah Oct. 17, 2006) (no prejudice from failure

---

[7](...continued)
did not pursue additional information which may have led to a higher guideline range or an upward variance. See Comments of Assistant United States Attorney At Sentencing; see also PSIR ¶¶ 18-19 (noting observation of defendant cooking between four and nine ounces of crack as part of drug trafficking activities between 2006 and 2007); id. ¶¶ 35-37 (zero criminal history points assessed for juvenile convictions at age 14 and 15 for carrying loaded, concealed firearm, vehicle theft and escape from custody); id. ¶¶ 38-41, 48, 51, 52-54, 56-58 (zero criminal history points assessed for adult convictions of aggravated assault, carrying weapon, possession of cocaine, failure to appear, vehicle theft).

to advise of possibility of conditional plea because no enforceable right to enter conditional plea and no evidence that government would have agreed to conditional plea).[8] At the change of plea hearing, defendant acknowledged that the government had ample evidence to convict him. Given that defendant would face a higher sentence if he proceeded to trial and was convicted, he likely would not have insisted on going to trial. As to the motion to suppress, defendant has not alleged that he had any sure-fire arguments on review before the district judge or on appeal that suggest that he believed that he would likely ultimately prevail on his motion to suppress.

For these reasons, the Court overrules defendant's second claim for relief.

C. Counsel's Performance At Hearing On Motion To Suppress (Claim 3)

Defendant claims that counsel did not provide effective assistance at the hearing on his motion to suppress.[9] In particular, defendant asserts that counsel did not present a "true reenactment" and that the magistrate judge concluded that the reenactment was "sloppily done and therefore decidedly unpersuasive." Doc. #59 at 8. Defendant has not shown that counsel's performance was deficient. As explained above, to establish deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel'

---

[8] Conditional pleas are not commonly offered by most prosecutors. See United States v. Yasak, 884 F.2d 996, 999 (7th Cir. 1989) (government may refuse assent to conditional plea for any reason or no reason); United States v. Fisher, 772 F.2d 371, 373-74 (7th Cir. 1985) (government certainly would not agree to permit appeal without extracting concession such as more onerous sentence); United States v. Carvajal-Mora, No. 08-cr-59-CVE, 2009 WL 5171822, at *6 (N.D. Okla. Dec. 21, 2009); Mackins v. United States, No. 97-cr-22-T, 2009 WL 1563920, at *5 (W.D.N.C. June 1, 2009). In addition, the Court must consent to a conditional plea agreement and such agreements tend to be disfavored. See Gould, 657 F. Supp.2d at 328; see also United States v. Davis, 900 F.2d 1524, 1527 (10th Cir.) (district court has absolute discretion whether to accept or reject conditional plea), cert. denied, 498 U.S. 856 (1990); United States v. Nooner, 565 F.2d 633, 634 (10th Cir. 1977) (stating general disapproval of pleas coupled with agreement that defendant may nevertheless appeal).

[9] As explained above, defendant's third claim is procedurally barred based on his waiver of collateral challenges. In any event, the Court addresses the substantive merit of this claim.

guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Strickland, however, mandates that the Court be "highly deferential" in its review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The Court must not second guess counsel's assistance with the benefit of hindsight simply because defendant did not prevail on his motion to suppress. See id. Here, although counsel did not secure the magistrate judge's recommendation to sustain the suppression motion, her strategy and conduct at the suppression hearing were reasonable and competent. Indeed, the fact that counsel had an investigator attempt a re-enactment (to bolster the investigator's conclusion) suggests that she vigorously pursued the motion to suppress and went beyond the efforts of counsel in many cases. She also vigorously cross-examined all three law enforcement witnesses. The quality of the video was primarily a product of the investigator's efforts and defendant has not shown that counsel was ineffective in her choice of this particular investigator.

Even if the Court assumes that counsel's performance related to the video re-enactment was deficient, defendant has not shown that if the re-enactment had been done differently, the results would have been sufficiently different such that the magistrate or the district judge would have rejected Officer Page's testimony that defendant was the driver of the white SUV.[10]

As part of his third claim, defendant argues that counsel did not explain why the magistrate judge recommended that defendant's motion to suppress be denied. Defendant argues that counsel did not explain that the magistrate judge made his findings "based on the fact that the reenactment did not reflect the true conditions of the night in question." Petitioner's Reply To Government's

---

[10] In the plea agreement, defendant conceded that as part of the factual basis of the plea, "Officer Page, who was sitting at the intersection of 8th and M Street[s] observed the white SUV driving towards him and was able to observe the driver and confirm that it was Christopher Rivers." Plea Agreement ¶ 2. At the change of plea hearing, defendant also conceded that the government had evidence of this fact.

-17-

Response (Doc. #69) at 6. Counsel's performance was not deficient in this regard because although the magistrate judge mentioned the quality of the video re-enactment, he ultimately relied on his finding that Officer Page was credible in testifying that he positively identified defendant when the Escalade passed his squad car. See Report And Recommendation (Doc. #47) at 10. Even if defendant could establish that counsel's performance was deficient, he has not shown prejudice, i.e. that had counsel advised him of the details of the magistrate judge's ruling, he would not have pled guilty and would have insisted on going to trial. The Court therefore overrules defendant's third claim for relief.

**III.    Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**IV.    Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2).[11] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right as to his first three claims. As to defendant's fourth claim, however, because of some uncertainty as to the effect of a waiver of collateral challenges on an ineffective assistance claim based on counsel's failure to file an appeal despite his instructions to do so, the Court grants a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #58) filed June 21, 2010 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** as to defendant's claim that counsel was ineffective because she did not file an appeal despite defendant's specific instructions to do so. The Court **DENIES** a certificate of appealability as to defendant's remaining claims.

Dated this 7th day of February, 2011, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[11] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).